UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 16-3599-GW (KS)                                    Date: August 4, 2017
Title   *Michael Euzle Jacques v. McDonald, et al*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On May 24, 2016, Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C § 1983 ("Complaint"). (Dkt. No. 1.) On August 5, 2016, the Court dismissed the complaint with leave to amend. (Dkt. No. 9.) On September 21, 2016, Plaintiff filed the First Amended Complaint (Dkt. No. 10), which the Court also dismissed with leave to amend (Dkt. No. 11). On November 2, 2016, Plaintiff filed the Second Amended Complaint. (Dkt. No. 13.) On November 17, 2016, the Court ordered that the U.S. Marshal proceed with service of process upon Deputy Sheriff Perez, Nurse Shipman, Nurse Lopez, and the two Doe defendants. (Dkt. No. 17.) On April 28, 2017, Plaintiff filed notice that he had submitted the USM-285 forms for each defendant to the U.S. Marshal. (Dkt. No. 22.)

On June 16, 2017, the U.S. Marshal notified the Court that Deputy Sheriff Perez could not be served because "LASD will need further information to identify correct employee. Multiple employees with last name Perez." (Dkt. No. 24.)

On June 26 and June 27, 2017, the U.S. Marshal notified the Court that neither Doe defendant could be served without additional information ("*i.e.*, first name, last name, physical description with work assignment with date and time to identify correct employee"). (Dkt. Nos. 26-27.)

On July 18, 2017, the U.S. Marshal notified the Court that Nurse Lopez could not be served without additional information because "this individual could not be located." (Dkt. No. 28.) Also on July 18, 2017, the U.S. Marshal notified the Court that Nurse Shipman could not be served because "there is no nurse with the name Shipman employed at Twin Towers or any other facility." (Dkt. No. 29.)

Accordingly, to date, Plaintiff has failed to the provide the U.S. Marshal with sufficient information to serve a single named defendant.

Rule 4(m) of the Federal Rules of Civil Procedure states: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Neither a litigant's *pro se* status nor his lack of legal sophistication is good cause for his failure to comply with the Federal Rules of Civil Procedure. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Wennihan v. AHCCCS*, 515 F. Supp. 2d 1040, 1043 (D. Ariz. 2005); *see also Springer v. Best*, 264 F.2d 24, 25 (9th Cir. 1959) (it has never been the court's function "to supervise laymen in the practice of law"); Local Rule 1-3 ("Persons appearing *pro se* are bound by these rules.").

One hundred days have now passed since Plaintiff submitted the USM-285 forms, yet no Defendant has been served. Accordingly, this action is now subject to dismissal under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

Therefore, **Plaintiff is ORDERED TO SHOW CAUSE, no later than September 3, 2017, why this action should not be dismissed for failure to prosecute and comply with Rule 4(m) of the Federal Rules of Civil Procedure.** Plaintiff may discharge this order by doing any one of the following no later than September 3, 2017:

(1)   submitting to the U.S. Marshal more complete USM-285 forms and filing copies of those forms with the Court;
(2)   filing a request for an extension of time to submit more complete USM-285 forms to the Court and U.S. Marshal; or
(3)   filing a signed document entitled Notice of Voluntary Dismissal dismissing this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

\\

\\

\\

CIVIL MINUTES – GENERAL

Case No.   CV 16-3599-GW (KS)                                      Date: August 4, 2017

Title    *Michael Euzle Jacques v. McDonald, et al*

**Plaintiff is advised that the failure to timely comply with this order <u>will</u> result in a recommendation of dismissal of her case pursuant to Fed. R. Civ. P. 4(m) and 41(b) and Local Rule 41-1.**

The Clerk is directed to send Plaintiff five USM-285 forms and the service of process instructions.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | rhw |